IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS A.G.'S OFFICE,** *Plaintiff* | ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ ⸳ | |
| **v.** | | **MO:24-CV-00233-DC** |
| **SECRETARY DEB HAALAND, U.S. FISH AND WILDLIFE SERVICE, DIRECTOR MARTHA WILLIAMS, U.S. DEPARTMENT OF THE INTERIOR,** *Defendants* | | |

## ORDER

Before the Court is Intervenor-Defendant Center for Biological Diversity's ("CBD")
Motion to Intervene.[1] CBD moves to intervene in the present action as a matter of right
under Rule 24(a) or, in the alternative, permissively under Rule 24(b). Defendants and
Plaintiff take no position on Intervenor Defendant's motion.[2] After considering Intervenor-
Defendant's Motion and Defendants' Response, the Court **DENIES** CBD's Motion to
Intervene.

## FACTUAL BACKGROUND

The present motion arises in the context of a law suit between Plaintiff State of Texas
and the United States Department of the Interior, Debra Haaland in her official capacity as
Secretary of the Interior, the United States Fish and Wildlife Service, and Martha Williams in
her official capacity as Director of the United States Fish and Wildlife Service, Defendants,

---

[1] Doc. 18.
[2] *Id.*; Doc. 21.

for violations of the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA").

In the underlying suit, Plaintiff challenges the legality of the final administrative rule entitled "Endangered and Threatened Wildlife and Plants; Endangered Species Status for the Dunes Sagebrush Lizard" ("Final Rule"). Specifically, Texas alleges that the United States Fish and Wildlife Service ("the Service") failed to rely on the best scientific evidence when it designated the dunes sagebrush lizard as endangered and failed to adequately consider existing voluntary conservation efforts in place to protect the dunes sagebrush lizard. Furthermore, Texas challenges the vagueness of the Final Rule.

Intervenor Center for Biological Diversity's ("CBD") filed a motion to intervene as a matter of right, or alternatively through permissive intervention, on the basis that it believes that its interests, and those of its members, are not adequately represented by the current parties. CBD seeks to intervene as a defendant in this case to uphold the Final Rule and preserve the dunes sagebrush lizard's endangered designation.

The present case has been stayed since June 7, 2025 to allow the current parties to negotiate in good faith without further litigation.

## LEGAL STANDARD

Rule 24(a) of the Federal Rules of Civil Procedure require the Court to permit anyone to intervene who:

claims an interest relating to the property or transaction that is the subject of

the action, and is so situated that disposing of the action may as a practical

2

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[3]

Stated differently, Rule 24(a)(2) has four requirements: "(1) the applicant must file a timely application; (2) the applicant must claim an interest in the subject matter of the action; (3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation."[4] Generally, federal courts should permit intervention where "no one would be hurt and the greater justice could be attained."[5]

Alternatively, a third-party may seek intervention through Rule 24(b) using permissive intervention. Under this rule, the Court may permit intervention to anyone that files a timely motion and who "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."[6] However, permissive intervention is "wholly discretionary" and the Court may deny intervention "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."[7]

## ANALYSIS

CBD moves to intervene as a matter of right or, in the alternative, permissively. Generally, federal courts should permit intervention where "no one would be hurt and the

---

[3] Fed. R. Civ. Pro. R. 24(a)(2).
[4] *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 422 (5th Cir. 2002) (quotation removed).
[5] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).
[6] Fed. R. Civ. Pro. 24(b).
[7] *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).

greater justice could be attained."[8] However, Intervenor Defendant fails to sufficiently demonstrate that its interests are inadequately represented or how greater justice could be obtained by its intervention into this case.

## I.  CBD is not Entitled to Intervene as a Matter of Right

CBD claims a right to intervene stemming from its members' interests in the dunes sagebrush lizard and the organization's two decades-long effort to achieve endangered status for the dunes sagebrush lizard.[9] To have a right to intervene, the intervenor must satisfy all four elements under Rule 24(a).[10] The Court assumes, without deciding, that CBD may have a sufficient interest in the litigation that might be impaired by the disposition of the action, however, the proposed intervenor fails to establish the inadequacy of the parties. Each element must be satisfied and because intervenor fails to establish inadequate representation the Court need not reach the other elements.

The intervenor bears the burden to demonstrate that the current parties to the suit may not adequately represent the applicant's interest.[11] Normally, this burden is "minimal" as the applicant need only show that the current representation "may be inadequate."[12] However, the Fifth circuit has recognized two presumptions of adequate representation that elevate the minimal showing and give this requirement "some teeth."[13] These presumptions arise when (1) the intervenor "has the same

---

[8] *Sierra Club*, 18 F.3d at 1205.
[9] Doc. 18.
[10] *Heaton*, 297 F.3d at 422–23.
[11] *Sierra Club*, 18 F.3d at 1207; *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996).
[12] *Edwards*, 78 F.3d at 1005 (quotation removed).
[13] *Louisiana v. Burgum*, 132 F.4th 918, 922 (5th Cir. 2025); *Veasey v. Perry*, 577 F. App'x 261, 263 (5th Cir. 2014).

ultimate objective as a party to the lawsuit" or (2) the existing party "is a governmental body or officer charged by law with representing the interests of the movant."[14]

If the first presumption applies, the intervenor must show "adversity of interest, collusion, or nonfeasance on the part of the existing party."[15] Adversity of interest exists where the intervenor's interests "diverge from the putative representative's interests in a manner germane to the case."[16] A "mere possibility that a party *may* at some future time" have divergent interests is insufficient to overcome the presumption.[17]

The second presumption applies if "the putative representative is a governmental body or officer charged by law with representing the interests of the [intervenor]."[18] A movant may overcome this presumption "by showing that the intervenor's 'interest is in fact different from that of the' governmental party 'and that the interest will not be represented by' the existing governmental party."[19]

The present case bears persuasive resemblance to *Louisiana v. Burgum* and the intervenor in the present case suffers from the same deficiencies as the intervenor in the case. In *Burgum*, an oil industry group sought intervention to defend a Bureau of

---

[14] *Burgum*, 132 F.4th at 922 (quotation removed).
[15] *Edwards*, 78 F.3d at 1005.
[16] *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Texas v. United States*, 805 F.3d at 662).
[17] *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984) (emphasis in original).
[18] *Id.*
[19] *Burgum*, 132 F.4th at 922–23 (quoting *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022).

Ocean Energy Management ("BOEM") administrative rule.[20] To support its intervention, the group argued that BOEM was inadequate to represent its interests because it "represents the public interests of a federal government agency, but not the specific, private interests of [the group] and its members."[21] In that case, the Secretary of the Interior had ordered the administrative rule be "suspend[ed], revise[d], or rescind[ed]."[22] The Fifth Circuit held that the group failed to overcome the first presumption because it only demonstrated "'the mere possibility that [BOEM] *may* at some future time' diverge, [so] it [did] not rebut the first presumption of adequate representation."[23] The group "did not discuss any action taken by BOEM that is adverse to its own interest"[24]

Intervenor CBD fails to overcome this first presumption. CBD seeks to intervene as a defendant to uphold the Final Rule and maintain the dunes sagebrush lizard's endangered status. This is the identical objective of the current defendants in the case. Here, just as the intervenor in *Burgum*, CBD asserts that the government defendants "must balance multiple interests and stakeholders"[25] CBD goes further to argue that their interests and the government's interests diverge because President Trump "directed the federal agencies to 'identify obstacles to domestic energy infrastructure specifically deriving from implementation of the ESA or the Marine Mammal Protection Act, to include regulatory reform efforts, species listings, and

---

[20] *Id.* at 920–21.
[21] *Id.* at 922–23.
[22] *Id.* at 921.
[23] *Id.* at 923.
[24] *Id.*
[25] Doc. 18.

other related matters.'"[26] Finally, as in *Burgum*, CBD sites to orders by the Secretary of the Interior which call for the agency to review regulations to determine whether it should "suspend[ed], revise[d], or rescind[ed]" existing regulations, including those granting endangered species status.[27]

      Just as the factual basis of this motion to intervene is similar to that in *Burgum*, so too is the motion's fate. The intervenor has achieved nothing more than asserted a mere possibility" that the interests of the current defendants "*may* at some future time diverge."[28] The Fifth Circuit in *Burgum* plainly established that the Secretary of the Interior's orders to "suspend[ed], revise[d], or rescind[ed]" a regulation are insufficient to overcome the presumption of adequate representation. Further, CBD's reliance on President Trump's policy statements promoting American energy does nothing to make the evidence any more convincing of anything beyond a "mere possibility" of divergent interests at some point in the future. Intervenor even states that "[t]o [their] knowledge, President Trump has not made specific comments about the dunes sagebrush lizard."[29] Intervenor cannot "point[ ] to *specific conduct* showing that the party at issue inadequately represented [their] interests." [30] The presumption

---

[26] Doc. 18.

[27] Doc. 18; *see e.g.* Secretary order 3418 § 4(b) ("all Assistant Secretaries should include in the plan required by this section, steps that, as appropriate, will be taken to suspend, revise, or rescind documents, including but not limited to . . . 'Endangered and Threatened Wildlife and Plants; Listing Endangered and Threatened Species and Designating Critical Habitat,' 89 Fed. Reg. 23919.").

[28] *Burgum*, 132 F.4th at 922 (quoting *Bush*, 740 F.2d at 358) (emphasis original).

[29] Doc. 18.

[30] *Burgum*, 132 F.4th at 923.

of adequate representation holds fast and the Intervenor's motion to intervene as a matter of right fails.

## II.    Permissive Intervention is Denied

If the Court denies mandatory intervention, CBD requests that the Court grant CBD's motion for permissive intervention. As previously stated, there must be a timely motion to intervene, and the movant must share a common question of law or fact with the main action.[31] Timeliness is not an issue in the present case. Despite the motion being filed nearly six months after the main action commenced it still came early in the litigation. The motion was filed prior to the deadline for the addition of new parties to the case,[32] the administrative record has not been filed, and the case is presently stayed while the current parties negotiate. Furthermore, there can be no doubt that the intervenor shares a common question of law or fact as the main action.

However, permissive intervention is wholly discretionary "even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." When considering permissive intervention, the Court should still consider adequacy of the current representation. Denial of permissive intervention where the intervenor's interests are already adequately represented and the intervenor would not "significantly contribute to the development of the factual issues" is proper.[33]

The Court is unconvinced that greater justice could be obtained by the addition of CBD. As this Court has already discussed, CBD has not demonstrated that the current

---

[31] Fed. R. Civ. Pro. 24(b).

[32] *Bush*, 740 F.2d at 359.

[33] *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

8

parties do not adequately represent its interests and merely underscores the issues already raised by the current parties. The analysis then must turn to whether CBD will be able to "significantly contribute to the development of the factual issues."[34] CBD cannot. This case is an Administrative Procedure Act challenge to an agency rule. Therefore, judicial review is restricted to the administrative record. CBD can do nothing to "significantly contribute to the development of the factual issue" because the Court may only consult the administrative record. The addition of CBD would achieve no greater justice.[35] Therefore, in its discretion, the Court denies permissive intervention.[36]

---

[34] *Id.*

[35] *Bush*, 740 F,2d at 359 ("'It is easy enough to see what are the arguments against intervention where, as here, the intervenor merely underlines issues of law already raised by the primary parties. Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, briefs, arguments, motions  and the like which tend to make the proceeding a Donnybrook Fair. Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." (quoting *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.,* 51 F.Supp. 972, 973 (D.Mass.1943)).

[36] *Purl v. United States Dep't of Health & Hum. Servs.*, 349 F.R.D. 526 (N.D. Tex. 2025) (citing *League of United Latin Am. Citizens*, 884 F.2d at 189) ("A district court does not abuse its discretion if it finds that the movant's interests are adequately represented, and the movant would not "significantly contribute to the development of the factual issues.").

## CONCLUSION

Defendant-Intervenor filed a motion to intervene as a matter of right or, alternatively, permissively.[37] Having reviewed the motion, the Court **DENIES** Center for Biological Diversity's motion to intervene.

It is so **ORDERED.**

SIGNED this 26th day of November, 2025.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[37] Doc. 18.