ADAM R.F. GUSTAFSON, Principal Deputy Assistant Attorney General
NICOLE M. SMITH, Assistant Section Chief
CAITLYN F. COOK, Trial Attorney (MD Bar No. 2112140244)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-7775
Email: Caitlyn.cook@usdoj.gov
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 7:24-CV-00233-DC-RCG |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF THE | ) | **FEDERAL DEFENDANTS'** |
| INTERIOR, ET AL., | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **RENEWED MOTION TO** |
| *Defendants*. | ) | **INTERVENE OR SUBMIT *AMICUS*** |
| | ) | **BRIEF (Dkt. No. 44)** |
| | ) | |

Having previously reserved their position, Defendants now oppose the Renewed Motion to Intervene, Dkt. No. 44, filed by the Center for Biological Diversity ("the Center"). Intervention by right is appropriate only where the application for intervention is timely, the proposed-intervenor has an interest in the action's subject matter, disposition of the action may impair the proposed-intervenor's ability to protect that interest, and the existing parties to the lawsuit inadequately represent the proposed-intervenor's interest. *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "A would-be intervenor bears the burden to prove an entitlement to intervene; failure to prove a required element is fatal." *Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021) (citing *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc)). Defendants oppose

FED. DEFS.' RESPONSE IN OPPOSITION TO MOT. TO INTERVENE

the Center's intervention, whether by right or permissive, because it is untimely. As for the Center's alternative request to file an amicus brief opposing the Parties' Joint Motion to Enter, Dkt. No. 43, Defendants take no position, other than to note that the Center's filing was procedurally deficient.

The Center's renewed motion is fatally untimely. Timeliness is the "most important consideration" in assessing a request to intervene. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970). Although this Court found the Center's first motion to intervene timely because it "came early in the litigation," Dkt. No. 30 at 8, the same cannot be said now. This litigation is on the eve of its conclusion: the existing parties have negotiated and executed a settlement agreement, and the only pending action is the parties' joint request for the Court to enter that negotiated resolution. *See* Dkt. No. 43 (Joint Motion to Enter). The Center's renewed intervention request is untimely exactly because it "seek[s] to delay or reconsider phases of the litigation that ha[ve] already concluded[.]" *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565-66 (5th Cir. 2016). Such delay would prejudice the existing parties. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 263-66 (5th Cir. 1977).

The United States and Texas spent months negotiating an agreement to resolve this litigation and expended considerable time and resources doing so. The Parties noted in their February 2026 status report to the Court that they were seeking further stay of litigation to "continue and conclude these discussions, and, as appropriate, draft all relevant settlement documents and obtain all necessary approvals from government officials with settlement authority." Dkt. No. 35 at 3. Thus, the Center was on notice that the Parties were close to reaching an agreement approximately four months before the Center filed a renewed motion to intervene. Again, in March, the Parties notified the Court that they had "made significant progress towards a

FED. DEFS.' RESPONSE IN OPPOSITION TO MOT. TO INTERVENE

resolution" and that more time was needed to resolve remaining difference and seek "all necessary approvals from government officials with settlement authority." Dkt. No. 37 at 3. The Center remained silent. To allow the Center to intervene at this late stage would prejudice the Parties who have expended considerable time and resources toward resolving Plaintiff's claims. *See Primerica Life Ins. Co. v. Pawlik*, No. MO:20-CV-63-DC, 2022 WL 1111019, at *3 (W.D. Tex. Apr. 4, 2022) (finding that intervention after settlement had been reached would prejudice the settling parties); *see also Halcumb v. Helmerich & Payne, Inc.*, No. 6:12-CV-615, 2015 WL 11170163, at *2 (E.D. Tex. Apr. 1, 2015) ("Requiring the parties to revisit a settlement reached months ago is highly prejudicial." (citation omitted)). The Court should deny the Center's request for permissive intervention for the same reason. *See* Fed. R. Civ. P. 24(b) ("timely motion" required); *see also Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (permissive intervention is "wholly discretionary" (citation omitted)).

Regarding the Center's alternative request to file an amicus brief, Defendants take no position other than to note that the Center's filing is deficient on two grounds. First, even if the Court considers the Center's "Motion to … Submit an Amicus Brief" to be the requisite motion for leave, the Center failed to comply with the requirement in Local Civil Rule 7 to file the proposed amicus brief "as an exhibit to the motion for leave." Local Civ. R. 7(b); *see* Dkt. No. 44. Instead, the Center improperly filed its opposition to the Parties' Motion to Enter on the docket, without first obtaining the Court's permission to do so either as a party to the litigation or amicus. *See* Dkt. No. 45. Second, the Center fails to provide any reasons why it should be granted amicus status. To adequately brief an issue, "a party must identify relevant legal standards and 'any relevant Fifth Circuit cases.'" *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (citation omitted); *Gurung v. Holder*, 587 F. App'x 834, 837 (5th Cir. 2014)

(per curiam) ("Briefs are inadequate if they fail to cite any relevant case law from this court and fail to apply the proper test for the disputed issue."). The Center's bald request that the Court consider its opposition brief to the Parties' Joint Motion to Enter "as amicus curiae" in the event the Court declines to grant the Center party status renders this ask inadequate.

If the Court is inclined to consider the Center's opposition to the Parties' Joint Motion to Enter, Defendants note that the Center advocates for an untenable remedy. That is, the Center suggests that the Court could remand, *without vacatur*, the Final Listing Rule for the dunes sagebrush lizard. Dkt. No. 45 at 16. But in the Joint Motion to Enter, the Parties presented their agreement to vacate and remand the Final Listing Rule to the Service to permit the Service to issue a new finding on the species' status, including a fuller consideration of the potential effects of existing conservation measures. Dkt. Nos. 43 at 9-10; 43-2 ¶ 1(a). In exchange, Plaintiff would dismiss its claims with prejudice and the case would be closed. Dkt. Nos. 43 at 10; 43-2 ¶ 1(b). The Agreement does not contemplate remand without vacatur. *See* Dkt. No. 43-2. Thus, the Court cannot substitute the Parties' request for remand *with* vacatur for an order requiring remand *without* vacatur. *See Cotton v. Hinton*, 559 F.2d 1326, 1331-32 (5th Cir. 1977) ("We are not free to delete, modify or substitute certain provisions of the settlement. The settlement must stand or fall as a whole."). In any event, the Parties' joint request for vacatur is well supported and warranted given the circumstances of this case and the Service's confession of error. *See* Dkt. No. 43 at 11-16.

In sum, Defendants oppose the Center's second attempt to intervene in this litigation but take no position on their request to file an amicus brief, other than to note for the Court the practical deficiencies of that request.

Dated: June 22, 2026                    Respectfully submitted,

FED. DEFS.' RESPONSE IN OPPOSITION TO MOT. TO INTERVENE

ADAM R.F. GUSTAFSON, Principal Deputy
Assistant Attorney General
NICOLE M. SMITH, Assistant Section Chief

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK, Trial Attorney
Md. Bar No. 2112140244
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:     (202) 598-7775
Email:  Caitlyn.cook@usdoj.gov

JUSTIN R. SIMMONS
United States Attorney

By: */s/ Natashia D. Hines*
NATASHIA D. HINES
Assistant United States Attorney
Florida State Bar No. 89072
700 E. San Antonio Ave., Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Fax: (915) 534-3490
Email: Natashia.Hines@usdoj.gov

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 22, 2026, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all attorneys in this case.

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
*Attorney for Defendants*
