**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS A.G.'S OFFICE,**<br>*Plaintiff,* | § § § § § § § § § § § § § § § § § | |
| **v.** | | **MO:24-CV-00233-DC** |
| **SECRETARY DEB HAALAND,**<br>**U.S. FISH AND WILDLIFE**<br>**SERVICE, DIRECTOR MARTHA**<br>**WILLIAMS,  U.S. DEPARTMENT**<br>**OF THE INTERIOR,  CENTER**<br>**FOR BIOLOGICAL DIVERSITY,**<br>*Defendants.* | | |

## <u>ORDER</u>

BEFORE THE COURT is the Center for Biological Diversity's ("CBD") Renewed Motion to Intervene or Submit an *Amicus* Brief in Opposition to the Parties' Joint Motion to Enter a Stipulated Settlement Agreement.[1] CBD requests, for the second time, that this Court permit it to intervene in the above-captioned case in order to protect its interests concerning the Endangered Species Act protections for the dunes sagebrush lizard.

On November 26, 2025, the Court denied CBD's first motion to intervene because it failed to establish how its interests were not adequately represented by the current defendants.[2] This renewed motion comes nearly seven months later, two days after the parties jointly moved for entry of their settlement agreement. As the Defense observes, the motion is fatally untimely.

---

[1] Doc 44.

[2] Doc. 30.

"Both permissive interventions and interventions of right may be permitted only upon timely application."[3] Four factors are relevant to the timeliness of a motion to intervene:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.[4]

CBD's motion contends that the Parties' submission of a Joint Motion for Entry of Settlement firmly establishes that the Defendants do not adequately represent its interests in the litigation. However, this is untimely. CBD should have reasonably been aware that the Parties were near a settlement as early as February 2026. This case has been stayed since July 2025 to allow the Parties to negotiate a resolution outside of litigation. In February 2026, the Parties filed a status report seeking a continuance of the stay to "continue and conclude these discussions, and, as appropriate, draft all relevant settlement documents and obtain all necessary approvals from government officials with settlement authority."[5] Moreover, the Parties reiterated their progress toward a settlement in March 2026.[6] Both of these filings reasonably communicate the imminency of a settlement and the threat to CBD's alleged interests in the litigation. However, CBD chose not to renew its motion to intervene until

---

[3] *Primerica Life Ins. Co. v. Pawlik*, No. MO:20-CV-63-DC, 2022 WL 1111019 at *2 (W.D. Tex. Apr. 4, 2022).

[4] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

[5] Doc. 35.

[6] Doc. 37.

two days after the Parties moved for entry of their settlement agreement, nearly four months after the February 2026 status report.

"Timeliness is not limited to chronological considerations but is to be determined from all the circumstances."[7] While waiting four months to renew the motion to intervene is not per se untimely, the case has progressed significantly to the point that intervention now would be unduly prejudicial and therefore untimely.[8] Since the original motion to intervene was denied, the Parties diligently negotiated and arrived at a settlement agreement. Intervention now would undue these substantial efforts which required considerable time and resources from both Parties.

Given CBD's delay in renewing the motion, the substantial prejudice that the parties would face if intervention were permitted, and because the Court is unaware of any unusual circumstances militating in favor of intervention, the renewed motion to intervene is **DENIED**.

It is so **ORDERED**.

SIGNED this 27th day of June, 2026.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

---

[7] *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

[8] *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970) ("The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene.").