IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 7:24-CV-00233-DC-RCG |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, ET AL., | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the State of Texas ("Plaintiff") and the U.S. Department of the Interior, the U.S. Fish and Wildlife Service (the "Service"), Doug Burgum, in his official capacity as Secretary of the Interior, and Brian Nesvik, in his official capacity as Director of the U.S. Fish and Wildlife Service (collectively "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on June 1, 2018, the Service received a petition from the Center for Biological Diversity and Defenders of Wildlife requesting that the dunes sagebrush lizard (*Sceloporus arenicolus*) be listed as endangered or threatened and that critical habitat be designated for this species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq*.;

WHEREAS, within 12 months after receiving a petition that is found to present substantial information indicating that the petitioned action may be warranted the Service must make one of the following findings: (1) the petitioned action is not warranted; (2) the petitioned action is

*State of Texas v. U.S. Dep't of the Interior, et al.*
Case No. 7:24-CV-00233-DC-RCG
Stipulated Settlement Agreement                    1

warranted; or (3) the petitioned action is warranted but precluded by pending proposals and expeditious progress is being made on listing and delisting ("warranted but precluded"). 16 U.S.C. § 1533(b)(3)(B) ("12-month finding");

WHEREAS, on July 3, 2023, the Service issued a "warranted" 12-month finding on the petition and a proposed rule to list the dunes sagebrush lizard as an endangered species under the ESA, 88 Fed. Reg. 42661;

WHEREAS, on May 20, 2024, the Service issued a final rule entitled "Endangered and Threatened Wildlife and Plants; Endangered Species Status for the Dunes Sagebrush Lizard," 89 Fed. Reg. 43748 ("Final Rule"), which listed the dunes sagebrush lizard as an endangered species under the ESA;

WHEREAS, on September 23, 2024, Plaintiff filed a complaint in the United States District Court for the Western District of Texas initiating the above-captioned case challenging the Final Rule under the ESA and the Administrative Procedure Act ("APA") (ECF No. 1) ("Complaint");

WHEREAS, Plaintiff's Complaint seeks, *inter alia*, vacatur of the Final Rule;

WHEREAS, the ESA requires that the Service consider, in addition to other factors, whether a species is endangered because of the present or threatened destruction, modification, or curtailment of the species' habitat or range, 16 U.S.C. § 1533 (a)(1)(A);

WHEREAS, the Service's evaluation of habitat restoration for the dunes sagebrush lizard in the Final Rule was incomplete and, therefore, potentially inaccurate;

WHEREAS, in the Final Rule, the Service failed to properly consider habitat restoration in evaluating whether the dunes sagebrush lizard was endangered because of habitat loss, fragmentation, or degradation;

WHEREAS, the Service now believes that it is necessary to reconsider its determination that the dunes sagebrush lizard meets the statutory definition of an endangered species;

WHEREAS, the Service anticipates that within 24 months of entry of this Agreement as a court order, the agency will complete a new 12-month finding as to whether the dunes sagebrush lizard warrants listing as an endangered or threatened species, such listing is not warranted, or that listing is warranted but precluded;

WHEREAS, Defendants are aware of ongoing conservation efforts undertaken by federal, state, and private entities for the benefit of the dunes sagebrush lizard that will continue notwithstanding vacatur of the Final Rule;

WHEREAS, Plaintiff and Defendants (the "Parties") recognize, and this Court by approving this Agreement finds, that this Agreement has been negotiated by the Parties in good faith, will avoid protracted litigation between the Parties, and will serve judicial economy, and that this Agreement is fair, adequate, reasonable, and in the public interest; and

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims except to the extent conceded by Defendants above, have negotiated a settlement that compromises and settles Plaintiff's claims according to the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED BETWEEN THE PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:

1. On the date the Court enters the Agreement as an order of the Court:

    a. <u>Vacatur and Remand</u>.  The Final Rule is vacated and remanded to the Service for reconsideration.  The Service shall submit to the Federal Register a notice that the Final

Rule has been vacated and remanded to the Service for reconsideration pursuant to this Agreement.

b. <u>Dismissal of Plaintiff's Claims</u>.  Plaintiff's claims in the Complaint are dismissed with prejudice, and the above-captioned case is closed.

2. The Service shall issue a new 12-month finding as to whether listing the dunes sagebrush lizard as a threatened or endangered species is (a) not warranted; (b) warranted; or (c) warranted but precluded, pursuant to the ESA, 16 U.S.C. § 1533(b)(3)(B).

3. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the scope of reconsideration, the procedures to be followed in making any determination required herein, or the substance of any final determination.

4. The Parties agree to bear their own costs.  Plaintiff hereby releases any claims for attorney fees and costs in this matter, through and including the date on which Plaintiff's claims are dismissed pursuant to this Agreement.

5. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by Plaintiff or any other party.  Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have, including arguments about the availability of any specific remedy under the APA.  The Parties continue to reserve their rights to advance these arguments in other cases.  This Agreement is executed for the purpose of settling

Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.  The dismissal of Plaintiff's claims in the Complaint pursuant to this Agreement shall not preclude Plaintiff from filing a new lawsuit in the future, based on identical or similar arguments, challenging a new finding regarding the status of the dunes sagebrush lizard.

6.  Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

7.  The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties.  By entering into this Agreement, the Parties do not waive any claim or defense except as expressly stated herein.  The Agreement contains all of the agreement between the Parties, and is intended to be the final and sole agreement between the Parties.  The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

8.  The terms of this Agreement shall become effective when the Court enters the Agreement as an order of the Court.

9.  Upon good cause shown, the order entering this Agreement may be modified by the Court (a) by written stipulation between the Parties filed with and approved by the Court or (b) upon written motion filed by one of the Parties and granted by the Court.

10. In the event that a Party seeks to modify the terms of this Agreement, or in the event of a dispute arising out of or relating to this Agreement, or in the event that a Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with

written notice of the claim or modification. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court. The Parties agree to confer in good faith to resolve the claim or requested modification before seeking relief from the Court. If the Parties are unable to resolve the claim or requested modification themselves, either Party may seek relief from the Court. In seeking relief from the Court, a Party's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

11. Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction after dismissal to oversee compliance with the terms of this Agreement and to resolve any motions to modify or enforce such terms or to resolve any dispute between the Parties arising out of or relating to this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). The remedy for any challenge to a new finding regarding the status of the dunes sagebrush lizard completed in accordance with this Agreement shall be the filing of a new lawsuit after providing any notice of intent to sue that may be required by 16 U.S.C. § 1540(g). The Court's continuing jurisdiction shall expire on the date of publication in the Federal Register of the Service's new 12-month finding regarding the status of the dunes sagebrush lizard.

12. The undersigned representatives of each Party certify that they are fully authorized by the party or parties they represent to enter into this Agreement and to execute and legally bind the party or parties they represent to the terms and conditions of this Agreement.

13. The Clerk of the Court is directed to close this case.

It is so **ORDERED**.

**SIGNED** this 21st day of July, 2026.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2026

**FOR THE DEFENDANTS:**

ADAM R.F. GUSTAFSON, Principal Deputy

Assistant Attorney General

 NICOLE M. SMITH, Assistant Section Chief

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK, Trial Attorney
Md. Bar No. 2112140244
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Tel:    (202) 598-7775
Email:  Caitlyn.cook@usdoj.gov

JUSTIN R. SIMMONS United States
Attorney

By: /s/ Natashia D. Hines
NATASHIA D. HINES
Assistant United States Attorney
Florida State Bar No. 89072
700 E. San Antonio Ave., Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Fax: (915) 534-3490
Email: Natashia.Hines@usdoj.gov

Attorneys for Defendants

Dated: June 2, 2026

**FOR THE PLAINTIFF:**

KEN PAXTON, Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KELLIE E. BILLINGS-RAY
Chief, Environmental Protection Division

_/s/ Clayton Smith_

CLAYTON SMITH
Assistant Attorney General
State Bar No. 24091234
Clayton.Smith@oag.texas.gov

CLAUDIA GUTIERREZ
Assistant Attorney General
State Bar No. 24140101
Claudia.Gutierrez@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel:    (512) 970-9855
Fax:    (512) 320-0911

***Counsel for State of Texas, Plaintiff***

_State of Texas v. U.S. Dep't of the Interior, et al._
Case No. 7:24-CV-00233-DC-RCG
Stipulated Settlement Agreement                8